IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL NO. 2:13CV45-RJC-DSC

| | |
|---|---|
| FRANCIS ALLEN,<br>       Plaintiff, | )<br>)<br>) |
| vs. | )   **MEMORANDUM AND RECOMMENDATION**<br>)                      **OF REMAND** |
| CAROLYN W. COLVIN,<br>Commissioner of Social<br>Security Administration,<br>       Defendant. | )<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #9) and "Memorandum in Support ..." (document #10), both filed May 16, 2014, and Defendant's "Motion for Summary Judgment" (document #13) and "Memorandum … in Support ..." (document #14), both filed May 2, 2014. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on March 17, 2014, this matter is ripe upon the filing of Defendant's Motion and Memorandum. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

1

## I. PROCEDURAL HISTORY

On August 23, 2007, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he was unable to work as of December 31, 2001. (Tr. 180-90).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on February 25, 2010. (Tr. 47-89). On June 4, 2010, the Administrative Law Judge ("ALJ") denied Plaintiff's claim. The Appeals Council denied Plaintiff's request for review and he appealed to this Court. On Motion of the Defendant, the Court remanded the case for further administrative proceedings.

On remand, the ALJ was instructed to:

> (1) conduct a new hearing and issue a new decision; (2) obtain school records, if possible, from the school which the Plaintiff attended as a child for the purpose of learning to lip read; (3) consider the additional evidence associated with the Plaintiff's subsequent favorable decision dated October 4, 2011 [Doc. 14]; [2] (4) obtain testimony from a medical expert to assist in clarifying the severity of the Plaintiff's hearing impairment; and (5) if necessary, reassess the Plaintiff's residual functional capacity and obtain supplemental evidence from a vocational expert.

"Order of Remand" at 2 (document #16), NCWD Civil No. 2:11cv29-MR-DLH.

A second hearing was held on July 27, 2012. Plaintiff, Dr. Carlos Kronberger, a psychological and psychiatric expert, and a Vocational Expert ("V.E.") testified. (Tr. 732-87). The ALJ held a supplemental hearing on December 4, 2012, where Plaintiff, Dr. Charles Abraham, a medical expert, and a V.E. testified. (Tr. 679-706).

---

[2] In a subsequent proceeding, Plaintiff was found disabled under Listing 2.10 (hearing loss) as of July 28, 2011.

On February 8, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 643-72). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 646). The ALJ also found that Plaintiff suffered from "bilateral hearing loss, asthma/allergies, and mental impairment, including bipolar disorder, schizoaffective disorder, and alcohol dependence,"[3] which were severe impairments within the meaning of the regulations id., but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 646-52). In addressing Plaintiff's contention that he satisfies Listing 12.05C (intellectual disability),[4] the ALJ stated only that "[t]he prior decision discusses why the record does not support the finding that a listing under section 12.05 is met or equaled. In the same way, the new treatment records … do not regularly articulate that the claimant has significantly diminished cognitive functioning at baseline." (Tr 652).

The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[5] to perform a full range of work at all exertional levels except for concentrated exposure to noise or jobs where listening is a primary component. He further limited Plaintiff to avoiding concentrated exposure to fumes and to working in a low-stress environment. (Tr 652). The ALJ then found that Plaintiff could not perform his past relevant work as a ride attendant and

---

[3]Rather than addressing the ALJ's findings after the second hearing, the Government's brief refers to the ALJ's previous decision. See Defendant's "Memorandum … in Support ..." at 4 (document #14) (citing Tr. 24-31, rather than 643-72).

[4]Effective September 3, 2013, the Agency replaced the term "mental retardation" in Listing 12.05C with "intellectual disability" since the former term "has negative connotations, has become offensive to many people, and often results in misunderstandings about the nature of the disorder and those who have it." Change In Terminology: "Mental Retardation" to "Intellectual Disability," 78 Fed. Reg. 46499-01 (Aug. 1, 2013).

[5]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

amusement park worker. (Tr. 669).

The ALJ then shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the V.E. identified jobs (building cleaner, janitor and auto detailer) that Plaintiff could perform. The V.E. also stated that 5,000 of those jobs existed in North Carolina. (Tr. 671). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (Tr. 672).

Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated September 25, 2013, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 630-33).

Plaintiff filed the present action on November 22, 2013. He assigns error to the ALJ's determinations that he did not meet Listing 12.05C at Step Three and did not meet Listing 2.10 prior to July 28, 2011. See Plaintiff's "Memorandum in Support ..." at 1 (document #10). Plaintiff also challenges the ALJ's evaluation of his RFC and the effects of his illiteracy. Id. The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456

(4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[6] Defendant contends that "the ALJ incorporated by reference his Listing [12.05] analysis from his decision dated June 4, 2010 (Tr. 652)." See Defendant's "Memorandum … in Support ..." at 6 (document #14). Defendant then goes on to address the ALJ's analysis of Listing 12.05 from that prior decision. Id. at 4-9. The undersigned is unable to conclude that the ALJ expressly incorporated that analysis from his prior decision. Moreover, the ALJ's prior decision was reversed on appeal.

Since the ALJ failed to evaluate whether Plaintiff met Listing 12.05 following the second hearing – as he had been instructed to do on remand – his subsequent decision is not supported by substantial evidence. At the next hearing, the ALJ should specifically address Listing 12.05 and thoroughly explain his findings.

### IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #9) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #13) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing

---

[6]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

pursuant to Sentence Four of 42 U.S.C. § 405(g).[7]

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: September 8, 2014

David S. Cayer
United States Magistrate Judge

---

[7] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).