UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13-cv-45-RJC-DSC

| FRANCIS T. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Judgment on the Pleadings and supporting memorandum, (Doc. No. 9, 10), Defendant's Motion for Summary Judgment and supporting memorandum, (Doc. No. 13, 14), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 15), and Defendant's Objections to the M&R, (Doc. No. 16).

**I. BACKGROUND**

On August 23, 2007, Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") alleging that he was unable to work as of December 31, 2001. (Tr. 180-190).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on February 25, 2010. (Tr. 47-89). On June 4, 2010, the Administrative Law Judge ("ALJ") denied Plaintiff's claim. The Appeals Council denied Plaintiff's request for review and he appealed to this Court. On Motion of the Defendant, the Court remanded the case for further administrative proceedings. (NCWD Civil No. 211-cv-

29-MR-DLH). On remand, the ALJ was instructed to: (1) conduct a hearing and issue a new decision; (2) obtain school records, if possible, from the school which the Plaintiff attended as a child for the purpose of learning lip records; (3) consider the additional evidence associated with the Plaintiff's subsequent favorable decision dated October 4, 2011; … and (5) if necessary, reassess the Plaintiff's residual functional capacity and obtain supplemental evidence from a vocational expert. (Doc. No. 16, NCWD Civil No. 211-cv-29-MR-DLH).

A second hearing was held on July 27, 2012. Plaintiff Dr. Carlos Kronberger, a psychological and psychiatric expert, and a Vocational Expert ("VE") testified. (Tr. 732-87). The ALJ held a supplemental hearing on December 4, 2012, where Plaintiff, Dr. Charles Abraham, a medical expert, and a VE testified. (Tr. 679-706).

On February 8, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 643-72). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 646). The ALJ also found that Plaintiff suffered from "bilateral hearing loss, asthma/allergies, and mental impairment, including bipolar disorder, schizoaffective disorder, and alcohol dependence," which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 646-52). In addressing Plaintiff's contention that he satisfies Listing 12.05(C), the ALJ stated only that "[t]he prior decision discusses why the record does not support the finding that a listing under section 12.05 is met or equaled. In the same way, the new treatment records…do not regularly articulate that the claimant has significantly diminished cognitive functioning at baseline." (Tr. 652).

The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels except for concentrated exposure to noise or

jobs where listening is a primary component. The ALJ further limited Plaintiff to avoiding concentrated exposure to fumes and to working in a low-stress environment. (Tr. 652). The ALJ then found that Plaintiff could not perform his past relevant work as a ride attendant and amusement park worker. (Tr. 669).

The ALJ then shifted the burden to the Commissioner to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, the VE identified jobs (building cleaner, janitor, and auto detailer) that Plaintiff could perform. The VE also stated that 5,000 of those jobs existed in North Carolina. (Tr. 671). The ALJ found Plaintiff capable of performing work existing in significant numbers in the national economy, and concluded that he was not disabled during the relevant period. (Tr. 672). Plaintiff filed a timely Request for Review by the Appeals Council. By notice dated September 25, 2013, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 630-33).

Plaintiff filed the present action on November 22, 2013. He assigns error to the ALJ's determinations that he did not meet Listing 12.05(C) at Step Three and did not meet Listing 2.10 prior to July 28, 2011. Plaintiff also challenges the ALJ's evaluation of his RFC and the effects of his illiteracy. (Doc. No. 10). On May 16, 2014, Plaintiff filed a Motion for Summary Judgment (Doc. No. 9) and on August 28, 2014, Defendant filed a cross-motion (Doc. No. 13). The Magistrate Judge issued an M&R, (Doc. No. 15), recommending that this Court grant Plaintiff's motion, deny Defendant's motion, and remand the matter for a new hearing. Defendant timely filed an Objection to the M&R (Doc. No. 16).

## II.     STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F. 2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome; provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Defendant objected to the Magistrate Judge's finding to remand the case for a new hearing in which the ALJ should specifically address Listing 12.05(C) and thoroughly explain his findings. Listing 12.05(C) requires a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. 20 C.F.R. Pt. 404, Subpt. P, Appendix I Section 12.05(C). Additionally, the claimant must have adaptive deficits which manifested before age 22. Id. Defendant argues that the ALJ after remand clearly evaluated whether Plaintiff's mental impairments met or medically equaled Listing 12.05 and found that Plaintiff could not meet Listing 12.05. (Doc. No. 16 at 5). Defendant contends that after the remand order Plaintiff submitted additional treatment records (Tr. 888-1004), but these records did not provide new evidence relevant to the issue of whether Plaintiff had a valid IQ score of 70 or lower or whether Plaintiff manifested the requisite adaptive functioning deficits prior to turning 22. (Doc. No. 16 at 5). Accordingly, the ALJ incorporated by reference his earlier discussion. (Tr. 652). However,

5

Defendant asserts that he did not fail to analyze whether the new evidence affected the 12.05 analysis, but rather explicitly found that the subsequent treatment records did not establish that Plaintiff met Listing 12.05. (Doc. No. 16 at 6).

Here, based upon the record, the Court disagrees with the Defendant and affirms the Magistrate Judge's recommendation. Upon remand, ALJ did not properly evaluate Plaintiff's impairments under Listing 12.05(C) in his decision, but instead relied on the analysis of the prior decision. In the record the ALJ stated "[t]he prior decision discusses why the record does not support the finding that a listing under section 12.05 is met or equaled." (Tr. 652). In their briefs, Defendant further contends that "the ALJ incorporated by reference his Listing [12.05] analysis from his decision dated June 4, 2010 (Tr. 652)." (Doc. No. 14 at 6). However, in light of the ALJ's prior decision being originally reversed on appeal and remanded, the ALJ should have specifically re-addressed and discussed Listing 12.05 on remand and thoroughly explained his findings instead of relying on the prior decision. Accordingly, this Court adopts the Magistrate Judge's M&R to remand the case for a new hearing.

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

    1. The Magistrate Judge's final disposition, (Doc. No. 15), is **ADOPTED**, and

    2. Plaintiff's "Motion for Judgment on the Pleadings," (Doc. No. 9), is **GRANTED**;

    3. Defendant's "Motion for Summary Judgment," (Doc. No. 13), is **DENIED**; and

    4. The Commissioner's decision is **REVERSED**, and this matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

    5. The Clerk of Court is directed to administratively close this case.

Signed: March 30, 2015

Robert J. Conrad, Jr.
United States District Judge